UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THE NORRENBROCK COMPANY, INC.                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:13-CV-00767-CRS

TERNIUM MEXICO, S.A. DE C.V., ET AL.                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss (DN 7) filed by Defendant Ternium Mexico, S.A. DE C.V. ("Ternium") against Plaintiff The Norrenbrock Company, Inc. ("Norrenbrock"). For the reasons set forth below, the Court will grant the motion to dismiss.

## BACKGROUND

For the purposes of this opinion, the following facts are undisputed. On June 26, 2013, Norrenbrock filed the present action against Ternium in Jefferson County Circuit Court seeking to enforce a judgment obtained by Norrenbrock against Galvamet America Corporation ("Galvamet"), a company wholly owned by Ternium. In an attempt to serve Ternium, Norrenbrock instructed Kentucky's Secretary of State to forward the summons and complaint to Ternium's corporate affiliate Ternium International located in Houston, Texas. However, because Ternium is a Mexican corporation without a presence in the United States, Ternium never received the summons and complaint.

On August 2, 2013, Ternium removed the action to this Court on the basis of diversity jurisdiction. (DN 1). On August 12, 2013, Ternium filed the present motion to dismiss (DN 7), arguing that Norrenbrock failed to effect proper service and that Ternium is not subject to

personal jurisdiction in Kentucky. Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to dismiss.

## DISCUSSION

Ternium argues that dismissal is appropriate because Norrenbrock failed to properly effect service in accordance with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). In response, Norrenbrock argues that the Hague Convention is inapplicable because it properly served Ternium via Kentucky's Secretary of State, which it claims is deemed to be Ternium's statutory agent pursuant to KY. REV. STAT. 454.210(a)(3).

In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988), the U.S. Supreme Court held that "If the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id.* at 700. Under Kentucky law, there are only two methods for serving a non-resident defendant. First, a non-resident defendant may be served in any county in Kentucky "where he may be found." KY. REV. STAT. 454.210(3)(a). Second, a non-resident defendant may be served via Kentucky's Secretary of State, who is deemed to be his statutory agent. *Id.* In the latter case, KY. REV. STAT. 454.210(3)(b) provides that "The Secretary of State shall, within seven (7) days of receipt thereof in his office, mail a copy of the summons and complaint to the defendant at the address given in the complaint." In the case at bar, Norrenbrock attempted service via Kentucky's Secretary of State. Therefore, the critical question becomes whether service via Kentucky's Secretary of State "require[ed] the transmittal of documents abroad," thereby triggering the requirements of the Hague Convention.

For reasons similar to those expressed in *Collins v. Westfreight Sys., Inc.*, No. 7:08-227-KKC, 2009 WL 1036381 (E.D. Ky. Apr. 17, 2009), the Court concludes that service via Kentucky's Secretary of State requires the transmittal of documents abroad, and that Norrenbrock was therefore required to comply with the Hague Convention. In *Collins*, the court held that, in order to be effective, service on a foreign defendant via Kentucky's Secretary of State must comply with the requirements of the Hague Convention. As explained by the court:

> Under the Kentucky statutes, a defendant receives notice of a pending action only after the Secretary mails the summons and complaint. The mailing of the summons and complaint is therefore "a necessary part of service" because it is the crucial step in the process of notifying the defendant of the pending action. Accordingly, the Court concludes that service pursuant to Kentucky statutes through the Secretary of State required the transmittal of documents abroad because those statutes directed the Secretary to send the summons and complaint to Markel in Canada. Therefore, the Hague Convention applies.

*Id.* at *2.

Like *Collins*, we conclude that the physical delivery of the summons and complaint is "a necessary part of service" under KY. REV. STAT. 454.210(3)(a)–(b). Because such physical delivery to Ternium would necessarily involve the "transmittal of documents abroad," the Hague Convention applies. Therefore, Norrenbrock was required to comply with the Hague Convention in order to properly serve Ternium.

Because Norrenbrock does not dispute that it has failed to comply with the requirements of the Hague Convention, and because the 120-day period prescribed by Federal Rule of Civil Procedure 4(m) has already expired,[1] the only remaining issue is whether Norrenbrock may avoid dismissal for lack of sufficient service based on a showing of good cause. In its brief, Norrenbrock provides no justification for its failure to effect service within 120 days. Instead, based on its assumption that the Court would issue its decision prior to the expiration of Rule

---

[1] In actions removed from state court, Rule 4(m)'s 120-day period begins to run on the date of removal. Because the case at bar was removed on August 2, 2013, the 120-day period expired on December 2, 2013.

4(m)'s 120-day period, Norrenbrock requests that it be granted leave to effect service in accordance with the Hague Convention. Although the Court may have been willing to do so had Rule 4(m)'s 120-day period not already expired, the Court concludes that Norrenbrock's unilateral expectation that the Court would issue its decision beforehand does not constitute good cause sufficient to avoid dismissal.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the motion to dismiss of Defendant Ternium (DN 7) is **GRANTED** as to Defendant Ternium. Pursuant to Federal Rule of Civil Procedure 4(m), said dismissal shall be **WITHOUT PREJUDICE**.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

February 11, 2014